T.C. Summary Opinion 2005-36


UNITED STATES TAX COURT


LEROY J. KLINGAMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19122-03S.                Filed March 30, 2005.


Leroy J. Klingaman, pro se.

<u>Miriam C. Dillard</u> and <u>Sandra K. Reid</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $998 in petitioner's 2001 Federal income tax. The issue for decision is whether petitioner's gross income includes unreported gambling winnings and Social Security benefits as determined by respondent.

## Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated by this reference. At the time of filing the petition, petitioner resided in Leesburg, Florida.

In taxable year 2001, petitioner was retired and received Social Security benefits of $11,088. During the year, petitioner and a companion traveled throughout the United States to visit friends and members of petitioner's family. Petitioner frequented various casinos to play the slot machines "as a recreation" during his travels.

Third party information returns (Forms W-2G, Certain Gambling Winnings) reflect that petitioner received the following gambling winnings in 2001:

| Payor | Gambling Winnings |
|---|---|
| Little River Casino Resort | $2,400 |
| Imperial Palace of Mississippi | 2,500 |
| Beau Rivage Resorts, Inc. | 1,440 |
| Florida Department of the Lottery | 1,000 |
| Total | 7,340 |

Petitioner had gambling losses in 2001 in excess of his gambling winnings.[1]

On his timely filed 2001 Federal income tax return, petitioner did not report any gambling winnings or Social Security benefits. Petitioner's 2001 return reflects $14,119 in adjusted gross income, consisting of $13,657 in pension payments, $39 in taxable interest, $916 of ordinary dividends, and a capital loss of $493. Petitioner claimed the applicable standard deduction of $5,650.

In a notice of deficiency, respondent determined that petitioner received $7,340 in unreported gambling winnings and $1,002 in unreported taxable Social Security benefits (following a computational adjustment to petitioner's adjusted gross income). Further, respondent determined that petitioner is entitled to deduct gambling losses of $7,340.

---

[1] Petitioner admits that he received additional gambling winnings of less than $1,200 on several occasions that were not subject to information reporting. See sec. 7.6041-1(a), Temporary Income Tax Regs., 42 Fed. Reg. 33286 (June 30, 1977); see also Lyszkowski v. Commissioner, T.C. Memo. 1995-235 (describing the information reporting requirements for slot machine jackpots), affd. without published opinion 79 F.3d 1138 (3d Cir. 1996). Respondent's determination of the deficiency was limited to the gambling winnings subject to information reporting, and petitioner's other winnings are not at issue in this case.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, in certain circumstances, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 places the burden of proof on the Commissioner. Sec. 7491(a)(1). Section 7491(a)(1) applies only if an individual taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2).

In this case, section 7491 is inapplicable because petitioner did not introduce any credible evidence with respect to the gambling winnings and Social Security benefits and failed to comply with the substantiation and recordkeeping requirements. The burden of proof remains on petitioner to show that respondent's determination is in error.

A. Gambling Winnings and Losses

Section 61(a) provides that gross income includes all income from whatever source derived unless excludable by a specific provision of the Code. No specific code section excludes

gambling winnings from gross income.  Section 165(d) permits a deduction for gambling losses, but only to the extent of gambling winnings.

Petitioner concedes that he "was paid" the amount of gambling winnings reported by the various casinos.  Petitioner's only argument is that he owes tax on only a portion of the gambling winnings because he split them with his traveling companion.  As petitioner testified:  "This lady friend of mine and I were traveling * * * we went from one casino from another. We figured out how much we could spend and so we'd spend that and we'd share it [the winnings] * * * I just took the money and then I gave it to her."  Petitioner did not identify by name the person with whom he purportedly split his gambling winnings and did not offer any proof that he split any of his gambling winnings.  Further, there is no evidence that a Form W-2G was issued to petitioner's companion, and petitioner testified that his companion did not report any of the gambling winnings on her 2001 return.[2]  Given the lack of evidence to support petitioner's claim that he split the gambling winnings, we sustain

---

[2]  Since petitioner received Forms W-2G, we assume that petitioner filled out a Form 5754, Statement by Person(s) Receiving Gambling Winnings, upon winning slot machine jackpots of $1,200 or more.  A Form 5754 not only is used to identify the winner of the jackpot, but it may be used to report that the winnings are shared among a group of people.  Given the circumstances of this case, it seems reasonable to conclude that petitioner did not report on the Form 5754 that he was splitting the winnings among others.

respondent's determination that petitioner must include $7,340 of gambling winnings in gross income.  We further sustain respondent's determination that petitioner is entitled to deduct gambling losses of $7,340.[3]

B.  Social Security Benefits

Section 86 taxes Social Security benefits pursuant to formula.  If the sum of the taxpayer's adjusted gross income (with modifications not relevant here) and one-half of the Social Security benefits received during the year exceeds the applicable "base amount", then a portion of the Social Security benefits is includable in gross income.  Sec. 86(a) and (b).  For 2001, the base amount was $25,000 for an unmarried taxpayer not filing a joint return.  Sec. 86(c)(1).  Once a taxpayer exceeds this base amount threshold, Social Security benefits are includable in income in an amount equal to the lesser of (1) one-half of the Social Security benefits received during the year or (2) one-half of the amount by which the taxpayer's modified adjusted gross income plus one-half of the Social Security benefits received during the year exceeds the $25,000 base amount.  Sec. 86(a).  An additional amount of Social Security benefits may be includable

---

[3]  The standard deduction for 2001 is $5,650; thus petitioner will receive some tax benefit from an itemized deduction of $7,340.  Petitioner had no other itemized deductions for 2001.

in income under certain circumstances not applicable to this case. Sec. 86(a)(2).

With the inclusion of $7,340 in gambling winnings, petitioner's adjusted gross income is $21,459. The sum of petitioner's adjusted gross income of $21,459 and one-half of petitioner's Social Security benefits of $5,544 exceeds the $25,000 base amount threshold by $2,003. Since the amount of Social Security benefits includable in income is equal to the lesser of (1) one-half of the Social Security benefits received of $5,544 or (2) one-half of the amount by which petitioner's modified adjusted gross income plus one-half of Social Security benefits received during the year exceeded the $25,000 base amount, or $1,002 (one-half of $2,003, rounded to the nearest whole dollar), we sustain respondent's determination that petitioner must include $1,002 of Social Security benefits in gross income.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent.</u>